TOMEN POWER CORPORATION and Includible Subsidiaries, f.k.a. Toyo Construction Company and Subsidiaries, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
TOMEN POWER CORP. v. COMMISSIONER OF INTERNAL REVENUE
12955-96
United States Tax Court
2000 U.S. Tax Ct. LEXIS 98; July 12, 2000, Entered *98 CAMERON W. WOLFE, Jr., Counsel for Petitioner, San Fransicso, CA.
PAUL R. ZAMOLO, Assistant District Counsel, San Francisco, CA.
Robert P. Ruwe, Judge RUWE, ROBERT P.
DECISION
Pursuant to the stipulation of the parties filed in the above-entitled case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is
ORDERED AND DECIDED: That there is a deficiency in income tax due from the Petitioner for the taxable year 1989 in the amount of $ 57,556.00;
That there is no deficiency in income tax due from, or overpayment due to, the Petitioner for the taxable year ended December 31, 1990; That there is an overpayment in income tax due to the Petitioner for the taxable year 1991 in the amount of $ 2,406.00, which was paid on September 20, 1992, and for which amount a claim for refund could have been filed under the provisions of I.R.C. § 6511(b)(2), on March 29, 1996, the date of the mailing of the notice of deficiency; and That there are no penalties due from the Petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6662(a) *99 .
* * * * * * It is hereby stipulated that the Court may enter the foregoing decision in the above-entitled case in accordance with the Stipulation of the parties submitted herewith.
STIPULATION
It is hereby stipulated that the following statement shows the Petitioner's income tax liability for the taxable years 1989, 1990 and 1991:
1989
Tax liability, computed without
allowance for net operating
loss carrybacks from 1990 and
1992 to 1989, and capital
loss carrybacks from 1990,
1991 and 1992 to 1989:
$ 4,867,985.00
Tax assessed and paid
(March 15, 1990):
$ 2,594,638.00
Less allowance made on June 17,
1991, pursuant to claim filed
on April 30, 1991:
268,794.00
$ 2,325,844.00
Less tentative carrybacks
allowance made on June 24, 1991:
2,325,844.00
Net tax assessed and paid:
0.00
Deficiency without allowance
for net operating loss
carrybacks from 1990 and 1992
to 1989, and capital loss
carrybacks from 1990, 1991
and 1992 to 1989:
$ 4,867,987.00
Reduction in liability due to
net operating loss carryback
and capital loss carryback
from 1990 to 1989:
641,483.00
Deficiency in income tax after
allowance for net opearting
los carryback and capital
loss carryback from 1990 to 1989:
$ 4,226,502.00
Reduction in liability due to
capital loss carryback from 1991 to 1989:
3,673,926.00
Deficiency in imcome tax after
allowance for capital loss
carryback from 1991 to 1989:
552,576.00
Reduction in liability due to
net opearting loss and
capital loss carrybacks from
1992 to 1989:
495,020.00
Deficiency in income tax after
allowance for capital loss
carryback and net operating
loss carryback from 1992 to 1989:
$ 57,556.00
*100 1990
Tax liability, computed without allowance for
net operating loss carryback from taxable year
ended September 30, 1991, to taxable year ended
December 31, 1990:
$ 2,129,252.00
Tax assessed and paid (March 15, 1991):
1,528,648.00
Deficiency without allowance for net operating
loss carryback:
$ 601,104.00
Reduction in liability due to net operating loss
carryback:
601,104.00
Deficiency, after allowance for net operating
loss carryback:
None
No net operating loss carryback claim filed
1991
Tax liability, computed without allowance for
net operating loss carryback from 1992 to 1991:
$ 94,446.00
Tax assessed and paid (September 20, 1992):
2,739.00
Deficiency without allowance for net operating
loss carryback:
$ 91,707.00
Reduction in liability due to net operating loss
carryback:
94,113.00
Overpayment:
$ 2,406.00
I.R.C. §§ 6512(b)(3)(B) and 6511(b)(2) Return filed September 20, 1992 pursuant to 6-month extension granted for filing the return, from March 15, 1992 to September 15, 1992
Ni claim filed
AGreement executed July 10, 1995 (extending statutory period to March 31, 1996)
Deficiency notice mailed March 29, 1996
*101  It is further stipulated that there are no penalties due from the Petitioner for the taxable years 1989, 1990 and 1991, under the provisions of I.R.C. § 6662(a).
It is further stipulated that the notice of deficiency, dated March 29, 1996, upon the above-entitled case is based, does not propose partnership adjustments in respect of the ToyoWest II partnership of which Petitioner was a partner for the taxable years 1989, 1990, 1991 and 1992; and that partnership adjustments to ToyoWest II were subject to a partnership proceeding, at Tax Court Docket Nubmer 3735-98, and that the parties (Petitioner Tomen Power Corporation and Respondent) have executed a closing agreement with respect to the items which were the subject of the partnership proceeding, and that these items are no longer partnership items; and that the parties' resolution of the ToyoWest II items are reflected in the amounts shown in this stipulation and decision.
It is further stipulated that this decision and stipulation filed with respect to the above entitled case include Petitioner's liabilities as successor by merger with Toyo Energy Corporation, San Diego, California, for the taxable *102 year ended December 31, 1990.
It is further stipulated that, effective upon the entry of the decision by the Court, the Petitioner waives the restriction contained in I.R.C. § 6213(a), prohibiting the assessment and collection of the deficiency (plus interest) until the decision of the Tax Court has become final.
It is further stipulated that interest will be assessed as provided by law and that interest included in any amount shown in this decision.
STUART L. BROWN
Chief Counsel
Internal Revenue Service